IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| J.K., *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>ADVANCED REPRODUCTIVE HEALTH CENTER, LTD. d/b/a CHICAGO IVF,<br><br>Defendant. | Case No. 1:24-cv-07644-FUV |

**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED USING HER INITIALS**

Defendant Advanced Reproductive Health Center, Ltd. d/b/a Chicago IVF ("Chicago IVF" or "Defendant") provides fertility treatment to couples seeking to start a family.[1] Defendant has locations throughout the Chicagoland area and provides treatments such as artificial insemination, in vitro fertilization, and genetic testing.[2] Despite the prevalence of infertility, information concerning fertility and reproductive health is among the most confidential and sensitive information in our society. According to a recent study, most infertile women choose to keep their struggle private from even family or friends.[3]

On September 13, 2024, Plaintiff filed her Class Action Complaint alleging that Advanced Reproductive Health Center, Ltd. d/b/a Chicago IVF ("Chicago IVF") disregarded the privacy rights of its patients by installing tracking technologies on its Website to collect personally

---

[1] *See* https://www.chicagoivf.com/about

[2] *Id.*

[3] *See* What to Say to Someone Struggling With Infertility, https://www.nytimes.com/2020/04/17/parenting/support-friend-infertility.html

1

identifiable information ("PII") and protected health information ("PHI") from patients and subsequently divulged this information to third parties such as Facebook and Google without their knowledge or consent. Plaintiff filed her Complaint using only her initials to protect her personal medical information regarding her fertility issues and the treatments she underwent to treat her sensitive medical condition.

On August 26, 2024, the Court issued a minute order requiring Plaintiff to file a motion for leave to proceed anonymously. Plaintiff requests that this court allow her to proceed using only her initials so that she can protect the public disclosure of her PHI. Plaintiff's sensitive health information would not be protected even if her allegations were redacted as the fact that she brought her claims against Defendant would reveal that she and her partner were experiencing fertility issues. Because allowing Plaintiff to proceed using her initials would necessarily protect her highly sensitive medical information and would not cause prejudice to Defendant, she respectfully requests that the court grant her motion for leave and allow her to proceed anonymously.

## ARGUMENT

Generally, "[a]nonymous litigation is disfavored and should be permitted only under exceptional circumstances." *Jane Doe v. Genesis Health System*, 2024 WL 3890164, at *4 (C.D. Ill. Aug. 21, 2024). However, this is a rebuttable presumption, and "fictitious names are allowed when necessary to protect ... particularly vulnerable parties." *Doe v. ProHealth Care*, No. 23-0296, 2023 WL 2760644, at *1 (E.D. Wis. Apr. 3, 2023) (quoting *Doe v. Blue Cross & Blue Shield,* 112 F.3d 869, 872 (7th Cir. 1997)). "The Federal Rules of Civil Procedure do not expressly authorize or absolutely bar Doe or anonymous plaintiffs." *E.E.O.C. v. ABM Indus. Inc.*, 249 F.R.D. 588, 592 (E.D. Cal. 2008) (citing *Coe v. U.S. District Court*, 676 F.2d 411, 415 (10th Cir. 1982)). "Claims

must contain a party's real name unless a claimant shows 'exceptional circumstances that warrant anonymity,'" which is within the Court's discretion to determine. *Doe v. Trp Acquisition Inc.*, 2016 WL 3671505, at *1 (N.D. Ill. July 11, 2016) (citing *Doe v. Vill. of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016)).

To proceed anonymously, a party must demonstrate "exceptional circumstances" that outweigh the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity. *See Deerfield*, 819 F.3d at 377 (citation omitted). The Seventh Circuit has articulated specific scenarios that meet this criterion, which include: (1) protecting the identities of children, rape victims, and other particularly vulnerable parties and (2) an alleged fear of retaliation from disclosing one's identity. *See id.* "Historically, courts have permitted plaintiffs to proceed pseudonymously in cases involving . . . sensitive medical conditions." *Doe v. Cook Cnty., Illinois*, 542 F. Supp. 3d 779, 784 (N.D. Ill. 2021) (collecting cases). Moreover, "[a] substantial risk of harm—either physical harm or retaliation by third parties, beyond the reaction legitimately attached to the truth of events as determined in court—may justify anonymity." *Doe v. Trustees of Indiana Univ.*, 101 F.4th 485, 491 (7th Cir. 2024).

Here, Plaintiff seeks to proceed using her initials as this case involves highly sensitive information about her personal health, her treatment for potential infertility, and her spouse's gender and personal health,[4] all of which would be revealed by the very fact that Plaintiff was a patient of Defendant's practice. Further, because Plaintiff intends to disclose her full identity to Defendant upon its first appearance in the case, Defendant will not be prejudiced by Plaintiff's

---

[4] *See* Abha Khetarpal & Satendra Singh, *Infertility: Why Can't We Classify This Inability as Disability?*, 5 AUSTRALASIAN MED. J. 334 (2012), available at *https://www.ncbi.nlm.nih.gov/pmc/articles/PMC3395292/* ("On a social level, infertility in most cultures remains associated with social stigma and taboo just like the social model of disability. Couples who are unable to reproduce may be looked down upon due to social stigmatisation.").

3

proceeding under her initials. *See Genesis Health System*, 2024 WL 3890164, at *5 (allowing plaintiff to proceed anonymously because the case concerned highly sensitive information and defendant hadn't identified any particular prejudice); *see also ProHealth Care*, 2023 WL 2760644, at *1 (allowing plaintiff to proceed anonymously because the release of his name in connection with his PHI and PII would have negative consequences and there is virtually no prejudice because plaintiff promised to reveal his true identity to defendant); *see also James v. Jacobson*, 6 F.3d 233, 234-235 (4th Cir. 1993). For these reasons, good cause exists for granting Plaintiff's Motion for Leave to Proceed Anonymously. *See generally, Coe v. Cnty. of Cook*, 162 F.3d 491, 498 (7th Cir. 1998) ("In a few cases a justified interest in privacy warrants concealment of a litigant's name.").

Finally, Plaintiff faces a credible risk of retaliation should she be required to disclose her identity because she is still one of Defendant's patients and it may refuse her treatment. *See Cook Cnty., Illinois*, 542 F. Supp. 3d at 786 (recognizing "the risk of retaliation would be significant" where a Defendant maintains any supervisory authority over Doe). Plaintiff is also at risk of future retaliation because other treatment facilities could similarly refuse to treat her if they are engaged in the same conduct subject to this litigation. *Compare* (ECF No. 1) *with Doe v. Cook Cnty. Land Bank Auth.*, No. 20-CV-06329-FUV, 2020 WL 11627484, at *2 (N.D. Ill. Nov. 23, 2020) (finding the alleged risk of retaliation speculative when the only evidence of future harm was based on past immoral or irresponsible behavior by the Defendant). Plaintiff also faces a significant risk of retaliation from the public at large because disclosing her name will necessarily reveal her religion and religious practices since fertility treatment is not authorized in all religions in the United States. *See Doe ex rel. Doe v. Elmbrook Sch. Dist.*, 658 F.3d 710, 724 (7th Cir. 2011) (permitting plaintiffs to proceed anonymously and explaining that "[l]awsuits involving religion can implicate deeply

held beliefs and provoke intense emotional responses."), *anonymity decision upheld on reh'g en banc*, 687 F.3d 840 (7th Cir. 2012).[5]

## CONCLUSION

WHEREFORE, Plaintiff hereby respectfully moves for an Order granting her leave to proceed using her initials.

DATED: September 16, 2024

Respectfully submitted,

/s/ Matthew J. Langley
Matthew J. Langley (ARDC 6337129)
David S. Almeida (ARDC 6285557)
**ALMEIDA LAW GROUP, LLC**
Firm ID 100530
849 W. Webster Avenue
Chicago, Illinois 60614
Telephone: (312) 576-3024
Email: matt@almeidalawgroup.com
          david@almeidalawgroup.com

**HEDIN LLP**
Frank S. Hedin (FBN: 109698)
1395 Brickell Ave, Suite 610
Miami, Florida 33131
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
E-Mail: fhedin@hedinllp.com

*Attorneys for Plaintiff & the Classes*

---

[5] *See* U.S. DEP'T OF JUSTICE, *Recent Cases on Violence Against Reproductive Health Care Providers*, https://www.justice.gov/crt/recent-cases-violence-against-reproductive-health-care-providers (last updated May 30, 2023); *Ruth Graham, Christian Tradition Has Long Been Divided on IVF*, N.Y. Times, Feb. 24, 2024, https://www.nytimes.com/2024/02/24/us/christian-tradition-ivf.html; Hassan N. Sallam & Nora H. Sallam, *Religious Aspects of Assisted Reproduction*, 5 Facts Views & Vision Obgyn 210 (2013) ("Religion plays a major role in people's attitudes towards assisted reproduction and various religions have reacted to this treatment in different ways. These range from total acceptance to total rejection of all techniques of assisted reproduction, with many shades in between.").

## **CERTIFICATE OF SERVICE**

I hereby certify that, on September 16, 2024, I electronically filed the foregoing document using the ECF System for the United States District Court for the Northern District of Illinois. Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel of record registered on the ECF system.

                                                    */s/ Matthew J. Langley*
                                                    Matthew J. Langley